UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| KATRINA WATTS, *as Administratrix of the Estate of Leon Rucker Jackson*, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 7:19-CV-113-REW <br><br> OPINION & ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

On December 7, 2017, USP-Big Sandy[1] inmate Leon Rucker Jackson was stabbed to death. Katrina Watts, as estate administratrix,[2] alleges that Prison personnel were deliberately indifferent to a substantial risk of serious harm to Jackson. Defendants—the Prison, its operators (the United States and, more directly, the Federal Bureau of Prisons), and then-warden (Gregory Kizziah)[3]—contend that the Plaintiff fails to plausibly allege a basis for their liability and, as to certain claims, that the Court lacks jurisdiction; they thus move for dismissal. For the reasons fully explained below, the Court finds the complaint's Federal Tort Claims Act allegations jurisdictionally deficient and that the remaining theories fail to state a plausible entitlement to relief. On these grounds, the Court grants Defendants' motion.

---

[1] A federal penitentiary in Inez, Kentucky; hereinafter, the "Prison" or "Big Sandy."
[2] The "Estate" or "Plaintiff."
[3] The "Warden" or "Kizziah."

1

I.  **BACKGROUND**

The Estate bases its claims on the following straightforward factual allegations.[4] Through late 2017, Leon Jackson was incarcerated at USP-Big Sandy. On December 7, 2017, Prison officials transported Jackson to a Prestonsburg, Kentucky, hospital. Medical records indicate Jackson had suffered "stab wound injuries to the upper left chest area[.]" DE 6 ¶ 25. Jackson succumbed to those stab wounds the same day.

The Estate alleges that Defendants "carelessly and/or negligently and with willful and wanton deliberate indifference to a substantial risk of serious harm to Mr. Jackson left [him] unsupervised, violated their own protocols and rules for protecting prisoners from harm, [and] caused and contributed to cause [ ] Jackson to be stabbed to death while in their custody and control[.]" DE 6 ¶ 26. Based on these contentions, the Estate claims violations of various constitutional provisions under 42 U.S.C § 1983 and levels state law theories, via the FTCA, against all Defendants. DE 6 at ¶¶ 29–44. Defendants pursue dispositive relief on all claims. DE 22 (Motion to Dismiss or for Summary Judgment). The motion stands fully briefed and ripe for review. DE 24 (Response); DE 26 (Reply).

II.  **LACK OF JURISDICTION – RULE 12(b)(1)**

Defendants first argue that the Court lacks jurisdiction to consider Plaintiff's state-law negligence (Count I) and wrongful death--under KRS 411.130—(Count II) theories

---

[4] Under the relevant standard, the Court assesses (and, here, recites) the facts in favor of and as alleged by Plaintiffs. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). The factual summary is taken from the operative complaint, DE 6.

and thus seek dismissal under Rule 12(b)(1).[5] "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. . . . Moreover, the court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1). Thus, "if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own." *Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1237 (2006).

First, the "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). Indeed, for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government," the FTCA's "remedy against the United States" is "exclusive[.]" 28 U.S.C. § 2679(b)(1). "Any other civil action or proceeding for money damages . . . is precluded[.]" *Id.*; *see Simmons v. Himmelreich*, 136 S. Ct. 1843, 1848 (2016) ("Under the exclusive remedies provision, a plaintiff generally cannot sue an employee where the FTCA would allow him to sue the United States instead.").[6] "Thus, an FTCA claim against a federal agency or employee as

---

[5] The operative complaint is no model of clarity. Plaintiff captions the second pleaded count as a "Wrongful Death" claim under both KRS 411.130 and 42 U.S.C. § 1983. *See* DE 6 at 10 (Count II) (emphasis omitted). Watts's response suggests she may have, contrary to the claim verbiage, intended only a § 1983 theory. *See* DE 24 at 4–5. Nonetheless, for completeness and given jurisdictional concerns, the Court addresses a potential FTCA theory (which would, in context, govern any state-law allegation).

[6] There is an exception to this exclusivity provision for "suits alleging constitutional violations." *See id.* at n.4. This portion of the Court's analysis of Count II concerns only the count fraction that alleges wrongful death pursuant to KRS 411.130. The Court takes up the alleged constitutional violations below.

opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152, 157 (6th Cir. 2018) ("[T]he only proper defendant in an FTCA claim is the United States."). In addition to the United States, Plaintiff has sued a federal agency, a federal prison, and eleven federal employees. *See* DE 6 at 1–2 (caption). The Court lacks jurisdiction over the FTCA claims against named Defendants other than the federal government.[7]

Applicable law, though for different reasons, also directs jurisdictional dismissal of the FTCA theory against the United States. The record shows that Plaintiff failed to comply with pre-filing exhaustion requirements. Section 2675(a) governs:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The Sixth Circuit has unequivocally held that the FTCA's administrative exhaustion requirement is a jurisdictional prerequisite. *See Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002) ("Plaintiffs failed to exhaust their administrative

---

[7] Plaintiff offers zero indication, in the pleading or briefing, that she is alleging any Defendant was acting other than "within the scope of his office or employment at the time of the incident[.]" 28 U.S.C. § 2679(d)(1). And, the defense notes that, but for Plaintiff's failure to exhaust, the United States would have moved to substitute itself for the other named Defendants. *See* DE 22-1 at 4 n.1. The Court interprets this representation as an implicit certification that the individual Defendants acted within their employment scope during the relevant period. *See* 28 U.S.C. § 2679(d)(1) (describing pre-substitution certification predicate).

remedies in a timely fashion in accordance with the [FTCA] . . . , which deprived the district court of jurisdiction to entertain their claims."); *see also Bangas v. Potter*, 145 F. App'x 139, 142 (6th Cir. 2005). Plaintiff does not dispute that she initiated this action before her administrative claim[8] was finally denied, or before the Government's 6-month response window closed. The record confirms the premature filing. *See* DE 22-2 (Eads Decl. & Ex. Dec. 2019 Administrative Compl.); DE 24-4; DE 24-5; DE 1 (Original Compl. filed 12/3/19).[9]

Instead, Plaintiff argues that the FTCA filing requirements "serve as a double-edged sword[,]" reasoning that if Watts had not "preserved her claims by filing a Civil Complaint, then the case would have been time barred pursuant to KRS 413.180." DE 24 at 5. Watts misunderstands the applicable law. For FTCA purposes, "state law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued." *Chomic v. United States*, 377

---

[8] Plaintiff's brief claims a November 29, 2019, filing. *See* DE 24 at 5. The record includes a Form 95-109 complaint that reflects a signature on that date. *See* DE 24-5. However, counsel Panos claims only a December 2019, mailing. *See* DE 24-4 (Panos Decl.) ¶ 3, 5–6; *see also id.* at 29 (Ex. USPS tracking information reflecting a December 3, 2019, delivery). In any event, even if the Court gave Plaintiff the benefit of the November date, the jurisdictional analysis would not change.

[9] Watts does not claim that counsel's pre-claim FOIA inquiries constituted a § 2675(a)-compliant exhaustion effort. *See* DE 24-4. In any event, binding caselaw would foreclose such a contention. *See Blakely*, 276 F.3d at 864–65 ("[A]n administrative claim under the FTCA must be in careful compliance with [the statutory] terms. In order for a claim to be complete, it must include a claim for damages in a sum certain." (citations omitted)).

F.3d 607, 611 (6th Cir. 2004) (quotation marks and alterations omitted). Because § 2401(b) supplies the relevant filing deadlines,[10] Plaintiff faced no limitations-based whipsaw.

Nor can the fact that the United States has now finally denied the claim, *see* DE 26-1, retroactively cure the premature filing defect. *See McNeil v. United States*, 113 S. Ct. 1980, 1983–84 (1993) ("The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command."); *see also United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *5 (6th Cir. June 2, 2020) (noting "the general rule that [courts] must strictly enforce statutory limits on the timing of a claim's filing"). Because Plaintiff failed to establish a proper jurisdictional hook, the Court grants the defense's Rule 12(b)(1) request and dismisses the FTCA claims, without prejudice, for lack of jurisdiction.[11] *See Jude*, 908 F.3d at 157 ("Federal courts are courts

---

[10] The provision states: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

[11] Following the Supreme Court's work "over the last decade or so to distinguish between jurisdictional rules (that bear on the competence of courts to hear a claim) and non-jurisdictional mandatory rules (that do not)," the jurisdictional interpretation of the FTCA exhaustion requirement may warrant a fresh look. *Alam*, 2020 WL 2845694, at *2; *see, e.g.*, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015) ("[T]he FTCA's" 28 U.S.C. § 2401 "time bars are nonjurisdictional."); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 n.4 (2014) (rejecting so-called "statutory standing" requirements as jurisdictional predicates); *Arbaugh*, 126 S. Ct. at 1245 (Title VII's "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts."). Nonetheless, binding precedent mandates treatment of the § 2675 requirement at the jurisdictional threshold. *See Petrovic v. United States*, No. 17-6186, 2018 WL 4959031, at *1 (6th Cir. June 8, 2018) ("In [the FTCA] context, exhaustion is a jurisdictional requirement."). Further, even if the exhaustion requirement were a non-jurisdictional mandatory claim-processing rule, it would make little difference here. The defense timely objected to Watts's failure to exhaust. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited.").

of limited jurisdiction; the plaintiff carries the burden of demonstrating that either the Constitution or a statute has granted the court jurisdiction over a given suit, and that it may therefore hear it."); *see also F.D.I.C. v. Meyer*, 114 S. Ct. 996, 1000 (1994) ("[T]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." (alterations and quotation marks omitted)).

### III. FAILURE TO STATE A CLAIM – RULE 12(b)(6)

As to the remaining claims, the defense argues Plaintiff failed to allege a theory under which they could plausibly be liable. Specifically, Defendants contend that Watts's claims under 42 U.S.C. § 1983, in this suit naming only federal agencies and officials, fatally fail to allege conduct under color of state law. For the following reasons and under governing law, the Court agrees and thus dismisses Plaintiff's remaining claims under Rule 12(b)(6).

<u>Applicable Standard</u>

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a formulaic recitation of a cause of action's elements will not do[.]" *Twombly*, 127 S. Ct. at 1965. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys*, 684 F.3d at 608. Yet, courts need not accept "legal conclusion[s] couched as [ ] factual allegation[s]." *Papasan v. Allain*, 106 S. Ct. 2932, 2944 (1986). The Court evaluates and tests the well-

7

pleaded complaint contents. *Peterson v. Ostrander*, No. 17-2160, 2018 WL 4739692, at *2 (6th Cir. Apr. 6, 2018) ("[T]he court must confine its analysis to the pleadings and accept all well-pleaded allegations as true.").

Generally, "matters outside of the pleadings are not to be considered" by a court in ruling on a motion to dismiss. *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989). However, the Court may "consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) (internal quotation marks and citation omitted).[12]

Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Where plaintiffs state "simply, concisely, and directly events that . . . entitle[ ] them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement[.]" *Id.*; *El-Hallani v. Huntington Nat. Bank*, 623 F. App'x 730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low.").

---

[12] Though Defendants alternatively argue (briefly) for summary judgment, the Court undertakes no Rule 56 analysis. The Court does not consider the parties' extra-pleading submissions or convert the motion into one for summary judgment via Rule 12(d). "[C]onversion . . . should be exercised with great caution and attention to the parties' procedural rights." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). Plaintiff tenders some non-pleading material of her own, *see* DE 24 (five-exhibit suite), but ardently asserts that a Rule 56 ruling would be premature. Thus, and despite (properly) considering certain non-pleading materials for jurisdictional purposes, the Court plumbs claim plausibility under Rule 12(b)(6) based on the complaint alone.

## 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a **person acting under color of state law**." *West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988) (emphasis added). Again, Plaintiff has sued the federal government, a federal agency, a federal prison, and eleven federal employees. DE 6 at ¶¶ 10–13. "[A]s a general matter, the federal government and its officials are not subject to suit under § 1983." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016). "This is because actions taken by federal agencies are governed by and are taken pursuant to federal statute, and federal officials typically act under color of *federal* law[.]" *Id.* (citations, quotation marks, and alterations omitted) (emphasis in original). Plaintiff alleges no state-authorized role or acts by any Defendant—an essential element of any § 1983 claim. [13] Thus, Watt's § 1983 allegations fail to state viable claims, and the Court dismisses the remaining counts under Rule 12(b)(6).

## Additional Notes

Defendants alternatively argue that Plaintiff's claims would fail if re-pleaded as *Bivens* theories. Yet, Watts—the master of her complaint and represented by counsel—contends no *Bivens* claim and does not seek (another) amendment. Plaintiff—despite notice

---

[13] Plaintiff also does not substantively oppose Defendants' argument regarding this deficiency, which blankets the § 1983 theories. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *Scott v. State of Tenn.*, 878 F.2d 382 (6th Cir. 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion. *See Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd*, 577 F.2d 740 (6th Cir. 1978) (unpublished per curiam)."); *see also* LR 7.1(c).

of the "color of state law" deficiency—expressly reiterated that § 1983 is the legal basis for Count II. *See* DE 24 at 5. The pleading explicitly taps the remaining causes at issue, Counts III–V, as § 1983 claims. *See* DE 6 at 12–13. Neither the complaint nor Plaintiff's response mentions the word *Bivens*. *See generally id.*; DE 24. Under the circumstances, "this Court has no obligation to salvage Plaintiff's lawsuit by converting or recharacterizing [the § 1983] claims." *Sawaf v. Lexington-Fayette Urban Cty. Gov't*, No. 5:17-CV-00405-JMH, 2018 WL 4688725, at *2 (E.D. Ky. Sept. 28, 2018); *see Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (finding no "authority in support of [plaintiff's] blanket proposition that a court must convert a Section 1983 claim asserted against federal officials to one asserting *Bivens* violations").

Because Plaintiff has not requested amendment, the Court does not rely on, as a basis for decision, futility analysis. However, for completeness only, the Court notes that an amendment effort—at this stage and as to any *Bivens* theory—would likely be futile. "*Bivens* claims have a one year statute of limitations under Kentucky law." *Mitchell*, 343 F.3d at 825. In the *Bivens* context, "[t]he question of when the statute of limitations [begins] to run, however, is determined by federal law." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

> Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims. **This inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm.** A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.

*Id.* at 500–01 (internal citations and quotation marks omitted) (emphasis added). Per the operative complaint, Jackson died on December 7, 2017. DE 6 ¶ 1. Watts initiated this suit on December 3, 2019, nearly 2 years later.[14]

Further, as to any official capacity claims[15] or allegations against entity Defendants, *Bivens* claims are available only against federal officials in their individual capacities. *F.D.I.C.*, 114 S. Ct. at 1005 ("It must be remembered that the purpose of *Bivens* is to deter *the officer*. . . . If we were to imply a damages action directly against federal agencies . . . there would be no reason for aggrieved parties to bring damages actions against individual officers." (emphasis in original)). Put differently, "[i]f a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Correctional Services Corp. v. Malesko*, 122 S. Ct. 515, 522 (2001).

## IV. CONCLUSION

Mr. Jackson's death, undoubtedly sad and concerning, deserves scrutiny. The Court is not here validating the conduct (or lack thereof) on December 7. However, the Court can

---

[14] Given Plaintiff's failure to pursue a legally viable theory, the Court sees no need to ultimately decide whether a *Bivens* claim could be timely. However, the Court notes in passing that despite the general rule that federal law governs claim accrual, the Sixth Circuit has found that the KRS 413.180 one-year period running "from the date that the representative of the estate was appointed" is Kentucky's "most similar"—and thus properly borrowed, per *Wilson v. Garcia*, 105 S. Ct. 1938 (1985)—statute of limitations for a § 1983 wrongful death action. *Shepherd v. Wellman*, 313 F.3d 963, 971 (6th Cir. 2002). Here, dismissal of Plaintiff's § 1983 claims does not hinge on timeliness. And, again, the Court declines to substantively analyze whether any un-pleaded *Bivens* theory might be timely under *Shepherd*'s rationale.

[15] *See Kentucky v. Graham*, 105 S. Ct. 3099, 3105 (1985) (noting effective identity of official capacity employee allegations and direct claims against entity employer).

address only the pleadings before it. On this record, Plaintiff has sued federal entities and officials under § 1983 without alleging state action, and pleaded FTCA claims without meeting mandatory procedural predicates. By not effectively linking alleged misfeasance (or nonfeasance) to an actionable theory, and by ignoring jurisdictional prerequisites, the complaint is legally deficient. The Court currently lacks jurisdiction over the unexhausted FTCA claims. Nonetheless, Watts will have another chance to secure merits review on the now-exhausted claims via a properly and timely instituted action.

As to the balance of the claim slate, § 1983 liability turns on the existence of catalyzing unconstitutional action of a governing official or—by policy or custom—suable person cloaked with **state** authority. The Court, taking the facts alleged as true and properly applying the *Iqbal*/*Twombly* filter, finds that the complaint lacks the factual content required to plausibly indicate § 1983 liability for any extant Defendant.

For all these reasons and on the stated terms, the Court **ORDERS** as follows:

1. The Court **DISCHARGES** DE 23;
2. The Court **GRANTS** DE 22 on terms;
3. The Court **DISMISSES** Plaintiff's § 1983 claims **WITH PREJUDICE**;

4. The Court, given the jurisdictional deficit, **DISMISSES** Plaintiff's FTCA claims **WITHOUT PREJUDICE**;[16] and

5. The Court will enter a separate judgment.

This the 17th day of June, 2020.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

[16] *See Blakely*, 276 F.3d at 864 ("[T]he government has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted his administrative remedies."); *cf. Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) ("Dismissals for lack of jurisdiction . . . should be made without prejudice."); *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) ("Our cases, too, recognize that dismissals for lack of jurisdiction should generally be made without prejudice. . . . In the final analysis, the district court's dismissal order[, relying on sovereign-immunity grounds,] was premised on a lack of jurisdiction, and the court gave no explanation for turning its back on the heavy presumption that a dismissal for lack of jurisdiction will be without prejudice.").